IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: : | CASE NO. 11-09608 (ESL) |
| VIVIANA PEREZ HERNANDEZ : | CHAPTER 7 |
| Debtor : | |
| IN RE: : | CASE NO. 11-09749 (ESL) |
| RAFAEL RODRIGUEZ FLORES : ADA Y. ORTIZ VEGA : | CHAPTER 7 |
| Debtors : | |
| IN RE: : | CASE NO. 12-04368 (ESL) |
| VIRGILIO ORTIZ RODRIGUEZ : | CHAPTER 7 |
| Debtor : | |
| IN RE: : | CASE NO. 12-02736 (ESL) |
| ISRAEL RIVERA DELGADO : OLAGUIBET GUILFUCCHI VAZQUEZ : | CHAPTER 7 |
| Debtors : | |
| IN RE: : | CASE NO. 12-02229 (ESL) |
| LUIS MILLAN MELENDEZ : ALBA L. MARRERO LEDESMA : | CHAPTER 7 |
| Debtors : | |
| IN RE: : | CASE NO. 12-02396 (ESL) |
| JEANNETTE ANDUJAR CUMBA : | CHAPTER 13 |
| Debtor : | |
| IN RE: : | CASE NO. 12-01990 (ESL) |
| MARIA ELENA ORTIZ CORREA : | CHAPTER 13 |
| Debtor : | |
| IN RE: : | CASE NO. 12-03080 (ESL) |
| ELIZABETH ONEILL GOMEZ : | CHAPTER 13 |
| Debtor : | |

IN RE:                                              :          CASE NO. 12-01768 (ESL)

EDNA HILDA DELIZ GARCIA                             :          CHAPTER 13

    Debtor                                         :

IN RE:                                              :          CASE NO. 12-02322 (ESL)

ANTONIA SANCHEZ RIVERA                              :          CHAPTER 13

    Debtor                                         :

IN RE:                                              :          CASE NO. 12-01760 (ESL)

ANA HILDA RODRIGUEZ CRUZ                            :          CHAPTER 13

    Debtor                                         :

IN RE:                                              :          CASE NO. 12-05752 (ESL)

FLOR ANNETTE CRUZ ORTIZ                             :          CHAPTER 13

    Debtor                                         :

IN RE:                                              :          CASE NO. 12-02230 (ESL)

JOSE L. FELICIANO SEPULVEDA                         :          CHAPTER 13

    Debtor                                         :

IN RE:                                              :          CASE NO. 12-04905 (ESL)

OLGA ILIANA HERNANDEZ CRUZ                          :          CHAPTER 13

    Debtor                                         :

IN RE:                                              :          CASE NO. 12-01681 (ESL)

LYDIA BATISTA ANSELMI                               :          CHAPTER 13

    Debtor                                         :

IN RE:                                              :          CASE NO. 12-06507 (ESL)

EPIFANIO ORTIZ RODRIGUEZ                            :          CHAPTER 13

    Debtor                                         :

IN RE:                                              :          CASE NO. 12-05619 (ESL)

IRVING LUGO GARCIA                                  :          CHAPTER 13

    Debtor                                         :

OPINION AND ORDER

These cases are before this court upon the Debtors' claim for homestead exemption under Puerto Rico's Home Protection Act No. 195 enacted on September 13, 2011 (in Spanish titled "Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar", hereinafter the "2011 PR Home Protection Act"). In In re Pérez Hernández, 473 B.R. 496 (Bankr. D.P.R. 2012), this court ruled that Article 4(d) of the Homestead Protection Act expressly provided that debtors who filed for bankruptcy waived the homestead protection upon filing for bankruptcy. On September 15, 2012, Article 4(d) of the PR Home Protection Act was amended by Act No. 257 (the "2012 Amendment") to clarify that the intent of the Puerto Rico Legislature is to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families in bankruptcy proceedings. The court afforded the parties the opportunity to file briefs in regards to the legal effects of the 2012 Amendment in these cases, if any. After considering all the arguments presented, the court proceeds to rule in regards to the claimed homestead exemptions under the PR Home Protection Act, as amended.

*(A) Positions of the Parties in Regards to the 2012 Amendment*

Debtors in the instant cases claim that the homestead right afforded in the 2011 Home Protection Act is applicable in bankruptcy proceedings. They further sustain that the 2012 Amendment clarifies that the legislative intent of the 2011 PR Home Protection Act was to include the homestead right in bankruptcy proceedings. Thus, they aver that the 2012 Amendment can be retroactively applied to September 13, 2011, the date when the 2011 PR Home Protection Act was signed into law.

Trustees, on the other hand, argue that the 2011 PR Home Protection Act excluded the homestead right from bankruptcy proceedings, as ruled in In re Pérez Hernández, *supra*. All trustees, except for Chapter 13 Trustee Jose R. Carrión Morales, argue that the 2012 Amendment cannot be retroactively applied. Chapter 13 Trustee Carrión Morales argues that the homestead right, the 2012 Amendment, is available in bankruptcy proceedings if it is claimed pre-petition and the debtor elects the Puerto Rico exemptions pursuant to Section 522(b)(3) of the Bankruptcy Code over the federal exemptions. Chapter 13 Trustee Alejandro Oliveras Rivera views the 2012

3

Amendment in a different perspective.  He submits that a voluntary bankruptcy petition is not a proceeding akin to proceedings such as embargoes, judgment or execution exercised for payment of all debts, which constitutes the intended purpose of the 2011 PR Home Protection Act[1].  He further argues that pursuant to Article 4(a) of the 2011 PR Home Protection Act, a person waives his/her right to homestead if his/her principal residence is encumbered by a mortgage.

*(B)      The 2011 PR Home Protection Act*

Article 3 of the 2011 Home Protection Act affords Puerto Rico residents with the following homestead right:

> Every individual or head of family domiciled in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence.

> For the purposes of this Act, the term domicile shall be defined as provided in Article 11 of the Political Code of 1902, as amended.

A textual reading of Article 3 shows that only one person is entitled to claim a homestead right over a single real property that is exclusively used as a principal residence, that is, two people or more cannot claim the same homestead right over the same real property.  The inclusion of the disjunctive "or" signifies that only one of the listed provisions is available.  See U.S. v. Williams, 326 F.3d 535, 541 (4th Cir. 2003) (a corollary is that the use of the disjunctive "or" creates "mutually exclusive" conditions that can rule out mixing and matching).  Likewise, whoever claims a homestead right over a real property must expressly declare so under penalty of criminal sanctions.  See Article 10 of the same Act, *infra*.

The homestead right afforded in Article 3 is not absolute.  Article 4 of the 2011 PR Home Protection Act established the waivers and exceptions to the homestead rights as follows:

> The Homestead right shall not be waived and any agreement to the contrary shall be declared null.

> However, the homestead right shall be deemed to be waived in the following circumstances:

---

[1] See Article 5 of the 2011 Home Protection Act, *infra*.

a) All cases in which the protected property is pledge for a mortgage.

b) In case of state and federal tax collection.

c) In cases of debt owed to contractors for repairs to the protected property.

d) In cases in which the Federal Bankruptcy Code applies, in which case the provisions of said Code shall apply.

e) All cases related to loans, mortgages, sharecropping agreements, and promissory notes payable to the order of or secured or executed by the Puerto Rico Production Credit Association, the Small Business Administration, the Puerto Rico Housing Financing Authority, the U.S. Farmers Home Administration, the Federal Housing Administration (FHA), the U.S. Department of Veterans Affairs, and the Department of Economic Development and Commerce of Puerto Rico; and the entities succeeding them, as well as in favor of any other Commonwealth or Federal agency or entity securing mortgage loans that are secured and sold in the secondary market.

Article 5 of the 2011 Home Protection Act provides that:

This right shall protect properties against attachment, judgment, or foreclosure for the payment of all debts, except for those debts established as exceptions in Section 4 of this Act [referring to the waivers and exceptions].

*(C)      The decision in In re Pérez Hernández*

In In re Pérez Hernández, this court interpreted the dispositions of the 2011 PR Home Protection Act in conjunction with its predecessor laws and amendments. After a careful analysis, this court ruled that pursuant to Article 4(d) of the 2011 PR Homestead Act in Puerto Rico, "a person waives his/her right to the homestead protection upon filing for bankruptcy. As a result, a debtor who files for bankruptcy in Puerto Rico may only claim for homestead exemption under federal law, which is what the second part of Article 4(d) refers to ('in which case the dispositions of the [Bankruptcy] Code will apply')". 473 B.R. at 501.

This court reasoned that since the bankruptcy provision was placed for the first time in over one hundred (100) years[2] under the explicit waivers established in Article 4 of the 2011 PR Home Protection Act, there was no need to look further to conclude that once a Puerto Rico resident filed

---

[2] The court refers to 100 years considering that the homestead right was first established in Puerto Rico through the Homestead Act of March 12, 1903 (titled in Spanish "Ley para definir el hogar seguro y exentarlo de una venta forzosa"). Also see Rodríguez Ramos v. Pérez Santiago, 161 D.P.R. 637, 647 (2004) (discussing the historic framework of the homestead act in Puerto Rico).

5

for bankruptcy and subjected him or herself to the jurisdiction of the Bankruptcy Code, he/she waived his/her homestead right. A cardinal canon in statutory interpretation is that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-254 (1992), cited in In re Pérez Hernández, 473 B.R. at 501. "The starting point in interpreting a statute is its language, for '[i]f the intent of Congress is clear, that is the end of the matter.'" Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409 (1993), quoting Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842 (1984). If the text of a statute is plain and unambiguous, courts "must apply the statute according to its terms." Hernández-Miranda v. Empresas Díaz Massó, Inc., 651 F.3d 167, 171 (1st Cir. 2011) quoting Carcieri v. Salazar, 129 S. Ct. 1058, 1063-64 (2009) (internal citation omitted). "Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction". US v. Bradford C. Councilman, 418 F.3d 67, 87 (1st Cir. 2005), citing U.S. v. Fisher, 6 U.S. (2 Cranch) 358, 399 (1805). The same principle governs in Puerto Rico's legal construction and judicial analysis. See Article 14 of the Puerto Rico Civil Code, 31 L.P.R.A. § 14; Cordero v. Oficina de Gerencia, 2012 T.S.P.R. 181 at **12-14, 2012 J.T.S. 194 at p. 750; Bomberos Unidos v. Cuerpo de Bomberos, 180 D.P.R. 723, 750 (2011); Soc. Asist. Leg. v. Ciencias Forenses, 179 D.P.R. 849, 862 (2010); R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2nd ed. rev., San Juan, Pubs. J.T.S., 1987, p. 241. Likewise, "[i]f particular language is used in one section but omitted in another, it is generally presumed that the drafter acted intentionally in the 'disparate inclusion or exclusion.'" Marmolejos v. United States, 283 F.R.D. 63, 67 (D.P.R. 2012), quoting Russello v. United States, 464 U.S. 16, 23 (1983). This court's decision in In re Pérez Hernández was based on a plain reading of the text of the law and not on its intent, as implied in the 2012 Amendment's *Statement of Motives*.

*(D)      The 2012 Amendment to the 2011 PR Home Protection Act*

On April 24, 2012, Proposed Bill No. 2551 was filed before the Puerto Rico Senate to amend the 2011 PR Home Protection Act. As a direct result of this court's decision in In re Pérez Hernández, *supra,* its *Statement of Motives* reads as follows:

6

[A]lthough our legislative intent was to provide the broadest protection allowable to family homes in all jurisdictions, forums, and competencies, as recently as April 13, 2012, the U.S. Bankruptcy Court for the District of Puerto Rico, in the case of In re: Viviana Pérez-Hernández, No. 11-09608 (ESL), erroneously interpreted the provisions of subsection (d) of Section 4 of the [2011 PR Home Protection Act]. The court alleged that the intent of the recently created Act was to exclude the application and the option to claim the homestead right under Section 522(b)(3) of the Bankruptcy Code, even though before said Act amended Articles 1851 through 1857 of the Civil Code of Puerto Rico, the debtor had the choice to claim homestead exemption under the Federal Bankruptcy Code.

For the aforementioned reasons, and in view of the imminent threat that losing the homestead exemption poses for our families, whose homes are their most valuable asset, we deem it of utmost importance to amend subsection (d) of Section 4 of Act No. 195-2011 to clarify that the plain, definite, and specific intent of this Legislative Assembly and of the Government of Puerto Rico is to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families, thus complying with our duty of protecting and overseeing their well-being.

On September 15, 2012, the Governor of Puerto Rico signed Proposed Bill No. 2551 into law, that is, the 2012 Amendment.  Sections 1 and 2 of the 2012 Amendment provide as follows:

Section 1 - Subsection (d) of [Article] 4 of [the 2011 PR Home Protection Act] is hereby amended to read as follows **in order to clarify that this Act**, **which guarantees that the homestead right cannot be waived, shall also apply in cases in which a petition is filed under the United States Bankruptcy Code** in accordance with and as provided in Section 522(b)(3) of said Code, and that **said right shall not be deemed to be waived unless the person that claims or has previously claimed it under this Act chooses not to claim it and alternatively claims the exemptions under the Bankruptcy Code in Section 522(b)(2) of said statute:**

"Section 4 - Waivers and Exemptions.

The homestead right shall not be waived and any agreement to the contrary shall be declared null.

However, the homestead right shall be deemed waived in the following circumstances:
a)      …
b)      …
c)      …
d)      In cases in which the person who claims or has previously claimed the right recognized under this Act chooses to claim, in a Petition under the Federal Bankruptcy Code, the exemptions provided under Section 522(b)(2) of said Code in lieu of the local and homestead protection exemptions allowed under the Bankruptcy Code under Section 522(b)(3).
e)      …"

Section 2.- This Act shall take effect immediately after its approval.

(Emphasis added).

7

The 2012 Amendment did not eliminate the bankruptcy provision entirely from the waiver list. Instead, it left the bankruptcy waiver reworded with the caveat that the homestead right "shall also apply in cases in which a petition is filed under the United States Bankruptcy Code" and that "said right shall not be deemed to be waived unless the person that claims or has previously claimed it under this Act chooses not to claim it and alternatively claims the exemptions under the Bankruptcy Code in Section 522(b)(2) of said statute". Id. The above change was the sole purpose of the 2012 Amendment.

The court finds that the 2012 Amendment has now made the 2011 PR Home Protection Act ambiguous. On the one hand it left the bankruptcy reference in the waiver list, and on the other it states that the homestead right "shall also apply in cases in which a petition is filed under the United States Bankruptcy Code in accordance with and as provided in Section 522(b)(3) of said Code". If the bankruptcy provision is included in the waiver list, it is a waived condition. Also, under Section 522, which governs the claim of exemptions, the debtor may elect for either the federal or the state exemptions. If the federal exemptions are claimed, it necessarily follows that the state exemptions are not applicable. Therefore, there is *non sequitur* logic in so stating to clarify there is a waiver of state exemption when the federal exemptions are claimed. The Bankruptcy Code so provides. This statement in the waiver list makes the 2012 Amendment unclear. Such lack of clarity now forces the court to examine the legislative intent.

*(E)      The Premise of the 2012 Amendment and its Legislative Intent*

The characterization included in the 2012 Amendment's *Statement of Motives* that this court's decision in In re Pérez Hernández "erroneously interpreted the provisions of subsection (d) of Section 4 of the [2011 PR Home Protection Act]" borders on infringing the judicial review doctrine established over two centuries ago in Marbury v. Madison, 5 U.S. 137, 177 (1803), in which Justice Marshall ruled that "[i]t is emphatically the province and duty of the judicial department to say what the law is." Also see Robert H. Bork, The Tempting of America: The Political Seduction of the Law, The Free Press, New York, 1990, p. 4 ("the intended function of federal courts is to apply the law as it comes from the hands of others"). Even decades before, on May 28, 1788, Alexander Hamilton had reasoned in Federalist Paper No. 78 that:

The judiciary ... has no influence over wither the sword or the purse, no direction either of the strength or of the wealth of the society, and can take no active resolution whatever. It may truly be said to have neither the force or will, **but merely judgment**... Bernard Bailyn, The Debate on the Constitution: Federalist and Antifederalist Speeches, Articles and Letters During the Struggle over Ratification, Part II, New York, Gryphon Ed., 1993, p. 468 (emphasis added).

Based on that premise, Hamilton concluded that "[t]he interpretation of the laws is the proper and peculiar province of the courts." Id. at p. 470. It is the judiciary, not the legislative branch, who can interpret laws on cases and controversies and only the judiciary can qualify as "erroneous" a final judicial determination through appellate review. The legislative branch cannot and must not sit in direct review of a judicial determination, especially when the determination is not final and is *ergo* unappealable[3]. See Neang Chea Taing v. Napolitano, 567 F.3d 19, 24 (1st Cir. 2009) ("The judiciary is the final authority on issues of statutory construction.")

The Congressional power to enact uniform laws on bankruptcy in the United States of America, U.S. Const. Art. I, § 8, Cl. 4, and the Supremacy Clause, U.S. Const. Art. VI, Cl. 2, have caused many to question whether or not a state[4] may enact a bankruptcy-specific exemption scheme in an issue subject of debate. Heather M. Forrest, Are Bankruptcy-Specific State Exemptions Constitutional?, ABI Journal, Vol. XXXI, No. 10 (November 2012). In the instant cases, the court is forced to interpret and determine the effect of a recent amendment to the 2011 PR Home Protection Act. The task is a challenge to statutory interpretation and to the exercise of deference to interfere between two branches of government. This court previously determined that the text of the 2011 PR Home Protection Act waived the right to homestead in bankruptcy cases. The court would not reconsider its position if it was not for an amendment to the 2011 PR Home Protection Act, the 2012 Amendment, which specifically states in its *Statement of Motives* that the intent of the amendment is to correct an erroneous decision by this court in In re Pérez Hernández, *supra.* The court notes and highlights that the 2012 Amendment (P. del S. 2551) was filed on April 24, 2012,

---

[3] This homestead exemption issue is not final inasmuch as a timely motion to reconsider was filed in In re Pérez Hernández, Case No. 11-09608 (Docket No. 31).

[4] The term "state" includes Puerto Rico for bankruptcy purposes except for determining who may be a debtor under Chapter 9 of the Bankruptcy Code. See 11 U.S.C. § 101(52).

that is, eleven (11) days after this court's decision and three days before the same would become final pursuant to Fed. R. Bankr. P. 8002.  The court thus proceeds to discuss the relevant doctrines to reach its conclusion.

The judicial review principle espoused in Marbury v. Madison, *supra*, has evolved into the separation of powers doctrine.  In Colón Cortés v. Pesquera, 150 D.P.R. 724 (2000), the Supreme Court of Puerto Rico issued a rescriptive analysis of the history and constitutional basis of the separation of powers doctrine in both the United States of America and Puerto Rico.  The separation of powers is not incorporated into the Constitution of the United States of America but has been recognized by the United States Supreme Court as being fundamental to the democratic scheme to protect the liberty of the citizens and safeguarding each branch of the government.  "The separation of powers in Puerto Rico is expressly enshrined in Article I, Sec. 2 of the Constitution of the Commonwealth of Puerto Rico."  Id. at 754.  The Supreme Court of Puerto Rico in Colón Cortés found that the impermissible legislative encroachment on the judicial power by attempting to affect or reverse a decision of the Supreme Court was unconstitutional.  Id. at 757.  The Supreme Court of Puerto Rico recently validated and reaffirmed the separation of powers doctrine in Márquez v. PRTC, 186 D.P.R. 666 (2011), where it stressed that it "could not consent that the Legislature, with approval of the Governor, converts itself in [the Supreme Court of Puerto Rico]".  Id. at 685, quoting from Colón Cortés v. Pesquera, 150 D.P.R. at 764.

The federal bankruptcy court and the Legislative Branch of Puerto Rico respond to different sovereigns.  Although federal bankruptcy courts have equitable powers to enforce the supremacy of federal law, Douglas v. Indep. Living Ctr. of S. Cal., Inc., 132 S. Ct. 1204, 1213 (2012), the separation of powers among branches of a state's government does not raise a federal constitutional question.  See Colorado Gen. Assembly v. Salazar, 541 U.S. 1093, 1095 (2004) (Chief Justice Rehnquist joined by Justices Scalia and Thomas dissenting from the denial of *certiorari*).  Thus, there is no clear constitutional issue as the action which may infringe the separation of powers doctrine is by the Legislative Branch of Puerto Rico regarding a decision by the bankruptcy court.  Moreover, this court also relies on federalism and comity concerns.  See Clinton v. Jones, 520 U.S. 681, 691 (1997).  Federal courts should decline to "embarrass" a branch of a state government and

intrude in the "delicate area of federal-state relations". In re Hijazi, 589 F.3d 401, 407 (7th Cir. 2009). Federal courts may intervene in state separation violations only in the most egregious circumstances. See Largess v. Supreme Judicial Court, 373 F.3d 219, 227(1st Cir. 2004). The egregious circumstances are not present in this case as the conflict involves a federal court and a state legislative branch. The separation of powers principle has no applicability to federal-state relations. Williams v. Lesiak, 822 F.2d 1223, 1227, fn. 1 (1st Cir. 1987), citing Elrod v. Burns, 427 U.S. 347, 352 (1976). Thus, on comity and federalism principles, the court declines to find that the separation of powers doctrine applies to these cases.

Consideration of the 2012 Amendment's *Statement of Motives* is crucial to settle the ambiguity and paradox of its actual text as it stands. This is so because "[a] court should look beyond the language of the statute for interpretive guidance only where the language of the statute is ambiguous" and "a statute is ambiguous if it allows for more than one reasonable interpretation". Coffin v. eCast Settlement Corp. (In re Coffin), 435 B.R. 780, 785 (B.A.P. 1st Cir. 2010), citing General Motors Corp. v. Darling's Auto Mall, 444 F.3d 98, 108 (1st Cir. 2006). The same principle governs in Puerto Rico's legal construction and judicial analysis. See Consejo de Titulares Cond. Portal de Sofia v. Portal de Sofía, Inc., 181 D.P.R. 945, 960 (2011), citing Sucn. Alvarez v. Srio. de Justicia, 150 D.P.R. 973, 884 (2004), and Goss v. Dycrex Construction Co., 141 D.P.R. 342, 356-357 (1996). Therefore, the 2012 Amendment's legislative intent, not its current construction, must be considered to clarify its ambiguity.

Despite its less than artful construction, the 2012 Amendment clarifies through its *Statement of Motives* that when a Puerto Rico individual or head of family files for bankruptcy, he/she retains his/her homestead right throughout the bankruptcy proceeding unless he/she chooses to claim the exemptions afforded in Section 522(b)(2) of the Bankruptcy Code. This election must be analyzed under the strictures of Section 522, which provides that a debtor in bankruptcy may only claim either the federal exemptions or the ones provided by his/her state, provided that such state has not opted-out of the federal exemption scheme. See William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice, 3rd Ed. § 56:3 (2012). As stated in In re Pérez Hernández, "Puerto Rico has not enacted legislation expressly opting-out of the federal exemption system". 473 B.R.

at 500. Thus, the explicit intent in the *Statement of Motives* in the 2012 Amendment drives the result in light of the ambiguous statutory provision. The homestead right applies in bankruptcy proceedings.

*(F)     Retroactive or Prospective Effect of the 2012 Amendment?*

The Trustees objecting to the homestead exemption argue that because this court ruled that the homestead exemption did not apply when an individual or head of family filed for bankruptcy pursuant to Article 4(d) of the 2011 Home Protection Act, the 2012 Amendment cannot be retroactively applied. The 2011 PR Home Protection Act and its subsequent 2012 Amendment are Puerto Rico laws. Thus, this court will analyze its legal effect under the scope of Puerto Rico's doctrine of retroactive application of laws.

Article 3 of Puerto Rico's Civil Code establishes that "[l]aws shall not have a retroactive effect unless they expressly so decree". 31 L.P.R.A. § 3. Although that norm is a general principle of statutory construction in Puerto Rico, its application is not absolute. See Márquez v. PRTC, 183 D.P.R. at 679, citing Vélez v. Srio. de Justicia, 15 P.R. Offic. Trans. 700, 711-712, 115 D.P.R. 533, 542 (1984); Warner Lambert Co. v. Tribunal Superior, 1 P.R. Offic. Trans. 527, 101 D.P.R. 378, 384-385 (1973). "There are cases ... in which laws must govern the past, whether for the benefit of society, or for the benefit of citizenry." Q.M. Scaevola, Código Civil, 6th ed., Madrid, Ed. Reus, 1949, Vol. I, p. 237, cited in Vélez v. Srio. de Justicia, 15 P.R. Offic. Trans. at 711, 115 D.P.R. at 541. The legislative intent for a Puerto Rico law to be prospectively or retroactively applied may be implicit or explicit. Márquez v. PRTC, 183 D.P.R. at 679; Torres Rodríguez v. Carrasquillo Nieves, 177 D.P.R. 728, 758 (2009); Asoc. Maestros v. Depto. Educación, 171 D.P.R. 640, 648 (2007). Therefore, even if a Puerto Rico law does not explicitly state its retroactive effect, it should be retroactively applied if that interpretation is the most reasonable in light of its legislative intent and does not alter prior contractual relationships or vested rights. See Article II, Sec. 7, of the Puerto Rico Constitution, 1 L.P.R.A. Art. II § 7, J.R.T. v. A.E.E., 133 D.P.R. 1, 14 (1993); Domínguez Castro v. E.L.A. I, 178 D.P.R. 1, 130-131 (2010); Consejo de Titulares v. Williams Hospitality, 168 D.P.R. 101, 108-109 (2006); Aprobación e Interpretación de las Leyes en Puerto Rico, *supra*, Vol. I, p. 400. In cases where an amendment to a previous law has "the effect of

12

correcting or improving a prior one in order to conform it more adequately to the statute, the retroactivity of the new ruling does not make it void or unlawful". Licorería Trigo, Inc. v. Sec. of Treasury, 94 P.R.R. 257, 268, 94 D.P.R. 270, 281 (1964). Also see Márquez v. PRTC, 183 D.P.R. at 679-680; BPPR v. Municipio de Mayagüez, 126 D.P.R. 653, 664 (1990).

Bankruptcy courts have also been confronted with the conundrum of whether to apply homestead rights prospectively or retroactively. For instance, in In re Hayward, 343 B.R. 41 (Bankr. W.D.N.Y. 2006), aff'd 2007 U.S. Dist. LEXIS 87463, 2007 WL 4232721 (W.D.N.Y. 2007), aff'd 552 F.3d 253 (2nd Cir. 2009), a creditor filed a motion to disallow the debtors' claim of a homestead exemption to the extent that it exceeded $10,000. The controversy before the Hayward Bankruptcy, District and Appellate Courts was whether the amendment to NY CLS CPLR § 5206 (a) (amended by N.Y. Laws Ch. 623, effective August 30, 2005) regarding the homestead exemption was to be applied retroactively or prospectively. The bankruptcy court in that case reasoned that the homestead exemption amendment was a remedial statute and thus applied it retroactively, which did not violate the vested rights of any pre-August 30, 2005 general unsecured creditor in violation of U.S. Const. Art. 1, § 10. See 343 B.R. at 44-46. In addition, the Hayward bankruptcy court retroactively applied the amendment because to conclude otherwise "would defeat the clearly evident intention of the New York State Legislature". Id. at 46. "Insofar as remedial statutes are concerned, the court should consider the mischief sought to be remedied and should favor the construction which will suppress the evil and advance the remedy. Id. at 46 (citations omitted). When the U.S. Court of Appeals for the Second Circuit confirmed the Hayward bankruptcy and district courts, it further ruled that "[to] determine whether a [homestead] statute should be applied retroactively, courts must look at legislative history to see if it reveals that the purpose of new legislation is to clarify what the law was always meant to say and do." 552 F.3d at 262 (citations omitted).

In the instant cases, Section 1 of the 2012 Amendment expressly provides that its main intention is to "**clarify** that [it] ... shall also apply in cases in which a petition is filed under the United States Bankruptcy Code ... that said right shall not be deemed to be waived unless the person ... chooses not to claim it and alternatively claims the [federal] exemptions [provided in Section

13

522(b)(2) of] the Bankruptcy Code". Id. (emphasis added).  The parties in the captioned cases have not averred any infringement on any vested right whatsoever nor has any party challenged the constitutionality of the 2012 Amendment.  Therefore, pursuant to its own provisions, the 2012 Amendment is remedial in nature and must be retroactively applied through September 13, 2011, date when the 2011 PR Home Protection Act was signed into law, to further its legislative intent.

*(G)      Claiming the Puerto Rico Homestead Exemption in Bankruptcy Cases*

Exemptions in bankruptcy must be accurately claimed and conformed to statutory limits. See Massey v. Pappalardo (In re Massey), 465 B.R. 720, 726 (B.A.P. 1st Cir. 2012), citing Schwab v. Reilly, 130 S.Ct. 2652, 2667 (2010).  Also see Nancy C. Dreher, Joan N. Feeny and Michael J. Stepan, Bankruptcy Law Manual, Volume 1 § 5:43 (2012-2), p. 1015.  Section 522(b)(3) of the Bankruptcy Code provides that exemptions on property, afforded by either federal or state law, are applicable as of "date of the filing of the petition".  Also see In re Ellis, 446 B.R. 22, 24 (Bankr. D. Mass. 2011) ("[r]ights to exemptions are fixed as of the date of the petition"); In re Andris, 471 B.R. 761, 763 (Bankr. D. Mass. 2012) ("exemptions are fixed as of the date of the petition"); Pasquina v. Cunningham (In re Cunningham), 354 B.R. 547, 553 (D. Mass. 2006) ("It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition."); In re Peterson, 897 F.2d 935, 937 (8th Cir. 1990) (the court must "focus only on the law and facts as they exist on the date of filing the petition.").  The Bankruptcy Code preempts any contrary state provision.  See Bessette v. Avco Fin. Servs., 230 F.3d 439, 447 (1st Cir. 2000) (Bankruptcy Code preempts state law when it is in direct conflict with the federal law to an extent that the statutes cannot coexist).  Moreover, exemptions claimed in bankruptcy must include a specific dollar amount: a general exemption claim of "100% fair market value" is facially invalid.  See In re Massey, 465 B.R. at 730 ("the bankruptcy court did not err when it sustained the Trustee's objection to [debtor's] facially invalid exemptions of '100% of [fair market value]' in the residence and the car").

The 2011 PR Home Protection Act does not expressly address how Puerto Rico residents who file for bankruptcy must claim the homestead right in their bankruptcy petitions. Thus, a debtor must have complied with the requirements in the 2011 PR Home Protection Act as of the petition

14

date in order to properly claim the homestead exemption under state (Puerto Rico) law in a bankruptcy proceeding.

Article 9 of the 2011 PR Home Protection Act, unaltered by the 2012 Amendment, establishes the general procedure to claim the right to homestead:

**Claim of Homestead Protection in Purchase Deed; Record in the Property Registry and Cancellation of the Homestead Right in the Property Registry.**

Any individual or head of family who acquires a rural or urban parcel to establish and create his/her homestead thereon shall state so in the deed after having been duly advised on this duty by the authorizing notary, who shall attest to such fact; and upon recording the same, the Property Registrar shall enter such statements in the body of the registration indicating that the owner has filed a Declaration of Homestead for such property. This entry shall serve as public notice.

If the parcel has already been registered in the name of such individual or head of family, it shall suffice for the owner or owners of such parcel to execute a Declaration before a Notary Public stating that the parcel is covered by homestead protection for the Property Registrar to make a marginal notation on the appropriate record.

Both documents, that is, the deed and the Declaration, as the case may be, shall state that such property shall be used for residential purposes and that the owner has not declared any other property in or outside Puerto Rico as such. The owner shall also be advised, in both documents, on the potential sanctions to which any person shall be subject if he/she attempts to or unlawfully files a Declaration of Homestead for more than one property or in favor of another person. If a person already owns another property that has been declared as his/her homestead, the existence of such other property and the fact that such property shall cease to be his/her homestead as of said time shall be acknowledged in the document; additionally, such person shall have the obligation to cancel the declaration of homestead of the former property in the Property Registry, so that the Registrar may record such cancellation in the marginal notation of the appropriate record. Such cancellation may be made through the same deed of the new property which shall be covered by homestead protection or through a Declaration.

Insofar as the property has been declared a homestead, the Property Registrar shall be required to make a notation stating that the property was so declared by its owner.

Such declarations or notations shall only constitute *prima facie* evidence of the homestead right of such property; no person may claim more than one property as a protected homestead.

Article 9 does not provide a specific method to claim the homestead right in bankruptcy cases. Therefore, this court must part from the premise that the mechanism in Article 9 applies to bankruptcy and non bankruptcy proceedings.

Article 10 of the same Act establishes the penalty for the unlawful registration of a homestead right:

15

**Penalty for Unlawful Record.**

Any person who attempts to or files a Declaration of Homestead with the Property Registry for more than one parcel belonging to him/her, or who attempts to or files a Declaration of Homestead in favor of another person who is not entitled to such right shall incur a fourth degree felony.  In addition, should the person be found guilty of such offense, he/she shall not be entitled to claim the homestead protection for any of the properties involved in the unlawful act.

As a general rule, Puerto Rico's Property Registry is only declarative in nature, meaning that citizens are not mandated to record their transactions to constitute their validity except in the limited situations required by law.  See Luis R. Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, San Juan, Jurídica Editors, 3rd ed., 2012, pp. 42-43, citing Rivera v. Rivera, 30 D.P.R. 851, 852 (1922).  In addition, the heavy workload and backlog at the Property Registry prevents speedy access of annotations or registrations of rights on real property.  See the *Statement of Motives* of Act No. 216 of December 27, 2010 ("Ley para agilizar el Registro de la Propeidad"), 30 L.P.R.A. §§ 1821 *et seq*.  Also see Sanchez Diaz v. E.L.A., 181 D.P.R. 810, 825 (2011) (acknowledging the heavy backlog of 600,000 filed documents at the Property Registry pending to be registered or annotated as of December 27, 2010).

Article 11 of the 2011 PR Home Protection Act precisely addresses situations where the homestead right is claimed on a residence that is not registered at the Property Registry or where the express declaration of homestead has not been annotated or entered at the Property Registry:

**Registration of a Parcel and Filing of a Declaration of Homestead with the Registry.**

The fact that a parcel has not been registered in the Property Registry, or that the Declaration of Homestead has not been [annotated[5]] or entered in the Property

---

[5] Though the official translation of this portion of Article 11 reads "filed with or entered", the original Spanish version reads "inscrito o anotado" (entered or annotated).  There is a legal distinction between "filed" and "annotated".  "Filing" refers to the presentation of a document to be entered or annotated at the Property Registry. See Article 50 of Puerto Rico's Mortgage Law, 30 L.P.R.A. § 2253 (requiring Property Registrars to "make a notation in the Day Book or electronic system of every title presented at the Registry **for its registration or annotation**").  When interpreting a Puerto Rico law, Article 13 of the Puerto Rico Civil Code mandates that "[i]n case of discrepancy between the English and Spanish texts of a statute passed by the Legislative Assembly of Puerto Rico, the text in which the same originated in either house, shall prevail in the construction of said statute". Also see Esso Standard Oil v. P.R.P.A., 95 P.R.R. 754, 770 (1968) (because the act in controversy was originated in the Puerto Rico Legislature in its Spanish text, interpretation of that text should prevail pursuant to Article 13 of the Puerto Rico Civil Code).  Therefore, because the 2011 PR Home Protection Act was originally drafted,

16

Registry, shall in no way impair the owner's homestead right thereon, provided that such right has been timely claimed as provided in Section 12 of this Act.

Article 11 serves as an exception to Article 9's general homestead claim procedure and is only applicable to situations where the real property has not been registered in the Property Registry, or those in which the declaration of homestead has not been annotated or registered in the Property Registry.  The application of Article 11 is not automatic and is expressly conditioned to compliance with subsequent Article 12, which provides as follows:

**Claiming the Homestead Right in a Sale Resulting from Judgment or Foreclosure.**

Homestead right shall be claimed through a motion filed with the court within thirty (30) days as of the date in which foreclosure against the properties belonging to the defendant has been petitioned in order to comply with a ruling of a competent court; or from the time in which a pre-judgment attachment or garnishment or any other pre-judgment remedy is requested against the property of the defendant to guarantee compliance with said ruling.

Such motion shall be sworn by the owner or owners, including a description of the property being protected as entered in the Registry and a statement to the fact that the owner or owners thereof used such property as a principal residence before the service of process of foreclosure was perfected and that they have not declared any other property as their homestead.

The party requesting foreclosure shall have ten (10) days to answer the claim of homestead right and, should a controversy arise, the court shall hold an evidentiary hearing in which the parties shall present their arguments and the appropriate evidence supporting their allegations.  The court shall issue its determination within fifteen (15) days after the evidence has been presented. Once the court's ruling is issued, the aggrieved party may appeal such ruling within a jurisdictional term of fifteen (15) days.  In the event that the court determines that homestead protection does not apply, the judicial sale of such property shall not be carried out until such determination becomes final and binding.

No rural or urban parcel shall be sold by virtue of judgment or foreclosure if it has been claimed to be or held as homestead, whether or not it has been registered as such in the Property Registry, unless any of the exemptions provided in Section 4 of this Act applies.

However, a rural or urban parcel may be sold by virtue of a judgment or foreclosure if, after having been served, the person acquires a property of higher value and it becomes his/her principal residence. If such situation occurs, the homestead protection shall be extended up to the value of the protected property at the time of the service of process.  Likewise, if the money was protected as provided in Section 7 of this Act at

---

proposed and enacted in Spanish --see Proposed Bill 2187 filed on May 23, 2011 before the Puerto Rico Senate--, its Spanish text supersedes the official English translation provided by the Legislative Service Office of the Puerto Rico Legislative Assembly (*http://www.oslpr.org*).

17

the time the service of process was perfected, the protection shall be extended up to the limit of such amount.

To determine how debtors must claim their homestead exemption in bankruptcy cases, this court must harmonize the relevant provisions in the statute, for "a cardinal rule of construction is that a statute should be read as a harmonious whole, with its various parts being interpreted within their broader statutory context in a manner that furthers statutory purposes". Yule Kim, Statutory Interpretation: General Principles and Recent Trends, Cong. Research Serv., Order Code 97-589, 2008, p. 4. Also see Norman J. Singer, Sutherland Statutory Construction, 6th edition, Vol. 2A, § 46.05 ("[a] statute is passed as a whole and not in parts or sections … Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole."); United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 371 (1988) ("Statutory construction ... is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme -because the same terminology is used elsewhere in a context that makes its meaning clear ... or because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.")

An integrated analysis of the different dispositions of the 2011 PR Home Protection Act reveals that to claim the homestead right, an individual or head of family who claims the same over a certain property must expressly declare, under penalty of criminal sanctions, that the real property --described with specificity and particularity-- is occupied by him/her or his/her family as a principal residence, used only for residential purposes while declaring that he/she has claimed no other property in or outside Puerto Rico as homestead. See Articles 3, 9, 10, 11 and 12 of the 2011 PR Home Protection Act. The individual or head of family must have claimed the exemption following the requirements of the 2011 PR Home Protection Act. Merely claiming the homestead exemption for the very first time in Schedule C of a bankruptcy petition, without any degree of specificity as to the description of the residence or express declaration of using the property as a principal residence under penalty of criminal sanctions, does not meet the requirements established in the 2011 PR Home Protection Act.

Articles 9 and 11 of the PR Home Protection Act distinguish between real properties that are registered at the Property Registry and those that are not. The methods for claiming the homestead exemption in both instances are different. In cases where the real property is registered at the Property Registry, Article 9 governs the procedure by which homestead is claimed. In cases where the real property is not registered at the Property Registry or where the declaration of homestead has not yet been recorded or annotated, Articles 11 and 12 will govern. Thus, when an individual or head of family files for bankruptcy, he/she must disclose in Schedule C whether or not his/her claimed homestead is or not registered at the Property Registry. If the real property is registered, he/she must show pre-petition compliance with Article 9 of the 2011 PR Home Protection Act. If the real property is not registered, the debtor must submit with the bankruptcy petition the sworn statement required in Article 12 of the PR Home Protection Act, but instead of declaring that the real property was a principal residence before the service of process of foreclosure, he/she must declare that the real property was his/her pre-petition principal residence.

Compliance with the requirements of the 2011 PR Home Protection Act is essential to properly claiming a homestead exemption in bankruptcy proceedings.

*(H)* *The Mortgage Waiver to the Homestead Right*

Chapter 13 Trustee Alejandro Oliveras Rivera argues that an individual or head of family waives his/her right to homestead when the real property is mortgaged pursuant to Article 4(a) of the 2011 Home Protection Act, unaltered by the 2012 Amendment (the "Mortgage Waiver"). Accordingly, the mere encumbrance of a mortgage in a residential real property upon which homestead is claimed constitutes an automatic waiver of the homestead right pursuant Article 4(a).

The Mortgage Waiver was first introduced in Puerto Rico through Act No. 87 enacted on May 13, 1936, declaring that the right to homestead may not be waived except in cases of mortgages secured by the Federal Housing Administration. Subsequent amendments to the homestead law permitted further homestead waivers in favor of additional specified entities. See Vega Acosta v. Superior Court, 89 P.R.R. 400, 403, 89 D.P.R. 408, 411-412 (1963) (explaining the origin and development of the waivers). Article 4(a) of the 2011 Home Protection Act eliminated all references

19

to mortgagee entities and currently states that the right to homestead is waived in "all cases in which the protected property is pledge for a mortgage".

Puerto Rico's Supreme Court has ruled that the Mortgage Waiver is only applicable in favor the mortgagee. Vega Acosta v. Superior Court, 89 P.R.R. at 404-405, 89 D.P.R. at 413. In its ruling, the Supreme Court of Puerto Rico heavily weighed that "the right to homestead must be liberally construed in favor of the claim" and that "any waiver of such right, being an exception to the public policy in general since 1936, must be restrictively construed against the waiver". 89 P.R.R. at 404, 89 D.P.R. 413. This court adopts that same ruling and analysis. The waiver of exemption applies only to the mortgage lien holder.

*(I)      Is the Accumulated Equity in a Principal Residence Exempted as Homestead?*

The Mortgage Waiver is only applicable in favor of the mortgagee. Thus, the accumulated equity in a principal residence constitutes a homestead exemption. Also see Article 8 of the 2011 PR Home Protection Act[6], which allows the proceeds from the sale of a principal residence declared as homestead to remain protected by the homestead right.

Conclusion

In view of the foregoing, the court reconsiders its prior ruling in In re Pérez Hernández, 473 B.R. 496, to conform it to the 2012 Amendment, and hereby concludes that the homestead exemption is applicable to bankruptcy proceedings in a manner consistent with the instant *Opinion and Order*. The *Opinion and Order* does not address the nuances of the particular facts of each case, particularly if the requirements of the 2011 PR Home Protection Act, as clarified by the 2012

---

[6] Article 8, unaltered by the 2012 Amendment, provides that:

In such cases in which the protected property constituting a homestead is sold in accordance with the provisions of this Act, the owner shall have a term of nine (9) months, as of the time of the sale, to invest the sale proceeds in another property located in Puerto Rico and for such property to become his/her new homestead. It shall be understood that the sale proceeds shall be protected from creditors during said nine (9) month term. The financial protection herein provided is exclusively directed toward setting forth rules to protect the homestead right and in no way shall impair the provisions contained in tax laws.

In the event that another property of lesser value is subsequently acquired, the difference in value shall not be protected by the provisions of this Act.

Amendment, were complied with as of the date of the filing of the petition. Thus, the court orders the parties in each case to file memoranda within the next 21 days on whether or not the requirements of the 2011 PR Home Protection Act were complied with, and on any other outstanding objections to exemptions in each case which is not expressly addressed in this *Opinion and Order*.

SO ORDERED.

In San Juan, Puerto Rico, this 25th day of January, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge